## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                )
                                   )    CRIMINAL CASE NO. CM0921-12
          vs.                      )
                                   )    DECISION AND ORDER
MIYUN MOON,                        )
                                   )
          Defendant.               )
_____)

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to suppress, filed May 30, 2013. Oral arguments were heard on August 26, 2013. Assistant Attorney General James L.G. Stake appeared on behalf of the Government and Assistant Public Defender Suresh Sampath represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with driving under the influence (hereinafter "DUI") of alcohol upon the following alleged events. It is undisputed that on October 19, 2012 at approximately 12:50 a.m., Guam Police Officer J.G. Gamboa stopped Defendant's vehicle and arrested Defendant for DUI. Defendant was transported to the Hagåtña precinct, where she was interviewed by Guam Police Officer Glen C. Ogo. (Testimony of Glen C. Ogo, Record Log at 2:54, Aug. 26, 2013). At the motion hearing, Officer Ogo testified to the following: He asked questions in English and Defendant responded in English. *Id.* Defendant appeared to have no trouble responding to his questions in English. *Id.* Officer Ogo read to the Defendant a form titled: "Implied Consent Form for DUI." *Id.* Defendant did not ask any questions about the form. *Id.* Defendant then signed next to the line "I AGREE TO TAKE A BREATH TEST(S)" on the form. *Id.* Officer Ogo did not pressure the Defendant to sign the form by threatening to incarcerate her if she did not cooperate or promise to release her if she signed the form. *Id.*

At the August 26, 2013 hearing, Defendant testified to the following: She did not

understand Officer Ogo's questions or the content of the form she signed. (Testimony of Miyun Moon, Record Log at 3:09 & 3:12, Aug. 26, 2013). Defendant did not tell the Officers that she did not understand the form. *Id.* Defendant testified she was told that she would have to sign the form to be released because a Korean interpreter would not be available until the following Monday. *Id.* Defendant further testified she was also told that she would have to stay in jail if she did not understand the form. *Id.* Defendant signed the form thereafter. *Id.*

Defendant first came to Guam two and one half years ago. (Testimony of Miyun Moon, Record Log at 3:14, Aug. 26, 2013). She is currently studying English at E.R.I., a language school on Guam. *Id.*

On May 30, 2013, Defendant moved to suppress the breath test on the basis that Defendant did not make a knowing and intelligent waiver when she signed the implied consent form because of: 1) a language barrier; and 2) the officer made improper threats and promises which deviated from the statutory implied warnings. The Government contends that the breath test should not be suppressed because Defendant reviewed the implied consent form and then consented to the breath test.

**DISCUSSION**

In *Rasauo*, 2011 Guam 1, the Guam Supreme Court noted that constitutional "[d]ue process does not necessarily require that drivers be meaningfully advised of the implied consent rights in language they can understand." *Id.* at ¶ 44. Furthermore, the statutory right to an implied consent warning is generally "a matter of legislative grace and not a right of constitutional dimension." *Id.* at ¶ 45 (*citing South Dakota v. Neville*, 459 U.S. 553, 565 (1983); *Rodriguez v. State*, 565 S.E.2d 458, 462 n. 24 (Ga. 2002)). The Supreme Court questioned the relevance of comparable but distinctive implied consent statutes and declined to address whether, under Guam statutes, due process requires suppression of the evidence if a defendant does not understand the consent form. *Id.* at ¶¶ 47-48. The present case involves this issue left unaddressed by *Rasauo*.

Under Guam law, if a person appears to operate a motor vehicle under the influence of alcohol, that person "shall have the option of using a blood or urine, or breath test for the

purpose of determining the alcohol or controlled substance content of that person's blood or urine." 16 GCA § 18201(c). This statute "requires the police to give a person the option of using a blood or breath test." *Rasauo*, 2011 Guam 1 ¶ 47. The blood, urine or breath test shall only be administered after: "(1) a lawful arrest, and (2) the person has been *informed* by a peace officer of the sanctions that may result from his or her refusal to be tested." 16 GCA § 18201(b) (emphasis added). An arresting officer must also warn the person of the consequences of any refusal to submit to testing. 16 GCA § 18201(f), (g).

When interpreting the meaning of a statute, a "court must look first to the language of the statute itself." *Sumitomo Constr. Co. v. Gov't of Guam*, 2001 Guam 23, ¶ 17. "In looking at the statute's language, the court's task is to determine whether or not the statutory language is plain and unambiguous." *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6 (internal quotation marks omitted) (*quoting Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 846 (1997)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (*quoting Robinson*, 519 U.S. at 341). The Guam Supreme Court recognized that "[i]t is the duty of the court to give effect, if possible, to every clause and word of a statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." *People v. Taman*, 2013 Guam 24 (*quoting Inhabitants of Montclair Twp. v. Ramsdell*, 107 U.S. 147, 152, 2 S.Ct. 391 (1883)).

Under the plain reading of the statute, a person must be *informed* by a peace officer of the sanctions that may result from his or her refusal to be tested. 16 GCA § 18201(b) (emphasis added). To "inform" means "to give knowledge of something to" and "to acquaint with a fact." *Webster's New World Dictionary* 693 (3d ed. 1991). Therefore the statute, by its own language, requires more than a rote recitation of English words to a non-English speaker because knowledge cannot be imparted in such a way. *See State v. Marquez*, 202 N.J. 485, 507 (2010).

In addition to considering the plain meaning of a statute, the Guam Supreme Court has also considered the "pragmatic implications of a decision to the contrary" when interpreting the meaning of a statute. *Taman*, 2013 Guam 22 ¶¶ 15, 28. If a rote recitation of English words to

a non-English speaker were sufficient, that approach could, for example, justify reading aloud the standard statement to a hearing-impaired driver who cannot read lips. *See Marquez*, 202 N.J. at 507. The Court does not believe the Legislature intended such "pragmatic quagmires and absurdities." *Taman*, 2013 Guam 22 ¶ 15.

On a motion to suppress, "the controlling burden of proof imposes no greater burden than proof by a preponderance of the evidence." *United States v. Perez*, No. 11-00082-02, 2012 WL 293557, at *4 (D.Guam July 17, 2012) (*citing United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974)). "[T]he prosecution, as the proponent of the evidence, must bear the burden of proving its admissibility." *Id.* (citations omitted). However, in DUI cases where a defendant claims that he or she did not understand the standard statement being read to him or her, or the implied consent form he or she signed, "[d]efendants who claim that they do not speak or understand English must bear the burden of production and persuasion on that issue." *Marquez*, 202 N.J. at 514 (citations omitted). The New Jersey Supreme Court reasoned in *Marquez* that this information is within the possession of the defendant, not the Government, and that this approach will help separate feigned claims from real ones. *Id.* Thus, the burden is on the Defendant to show that she lacked the language capacity to understand Officer Ogo and the implied consent form.

In this case, it is disputed whether Defendant understood the consent explanations made by the Officer. Officer Ogo testified that Defendant appeared to have understood English during the interview, whereas the Defendant testified that she did not. Having reviewed the presented evidence, the Court is not convinced that Defendant has met her burden. Defendant testified that she has lived in Guam for two and a half years, and that she is a student at an English language school. Furthermore, even by Defendant's own account, Defendant was able to understand Officer Ogo when he purportedly told her a Korean interpreter would not be available until Monday and that not signing the form could possibly lead to her being detained further. This evidences a level of comprehension of the English language that would reasonably include an understanding of the implied consent form's contents. For this reason, the motion to suppress the breath test shall not be granted.

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to suppress is hereby DENIED.

SO ORDERED this 21ST day of November, 2013.

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

NOV 2 1 2013
20

*Enrique F. Aflague, Jr.*
Deputy Clerk, Superior Court of Guam